J-A14026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>JOSE A. GONZALEZ<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br>No. 1362 MDA 2014 |

Appeal from the PCRA Order July 8, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002205-2001
CP-36-CR-0002213-2001
CP-36-CR-0002257-2001
CP-36-CR-0002258-2001

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 04, 2015**

Jose Gonzalez appeals from an order denying his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*  The lone issue in this appeal is whether Gonzalez's sentence is unconstitutional under *Alleyne v. United States*, -- U.S. --, 133 S.Ct. 2151 (2013).  *Alleyne* does not apply to cases on collateral review such as the case at bar.  Therefore, we affirm.

On January 8, 2002, Gonzalez was convicted of four counts of delivery of cocaine[1] and one count of criminal conspiracy.[2]  On March 4, 2002, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial court invoked the mandatory minimum provisions of 18 Pa.C.S. § 7508 and sentenced Gonzalez to an aggregate sentence of 18-36 years' imprisonment. On December 19, 2002, the Superior Court affirmed his judgment of sentence, and on May 28, 2003, the Supreme Court denied his petition for allowance of appeal.

In 2004, Gonzalez filed a PCRA petition which the PCRA court dismissed without a hearing. This Court subsequently affirmed. In 2006 and 2007, Gonzalez filed two more PCRA petitions, both of which the PCRA Court dismissed without a hearing. In both instances, this Court affirmed on the ground that the PCRA petition was untimely. Finally, on May 30, 2014, Gonzalez filed his fourth pro se PCRA petition, the petition presently on appeal, alleging that the trial court's use of the mandatory minimum provisions in section 7508 rendered his sentence unconstitutional under *Alleyne*. On June 6, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. On August 14, 2014, the court issued an order dismissing the fourth PCRA petition without a hearing. This timely appeal followed. Both Gonzalez and the PCRA court complied with Pa.R.A.P. 1925.

The single issue in this appeal is as follows:

*(Footnote Continued)* ─────────────────

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903.

> Whether the PCRA court erred as a matter of law and Constitution in dismissing appellant's *pro se* PCRA Petition, where appellant was sentenced to a mandatory minimum sentence under statute 18 Pa.C.S.A. §7508 which was and is deemed unconstitutional in light of [**Alleyne**]?

Brief For Appellant, p. 4. Gonzalez argues that his sentence is unconstitutional under **Alleyne**, which held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Id**., 131 S.Ct. at 2160-61.

This issue is not waived, because challenges to the legality of a sentence cannot be waived. **Commonwealth v. Miller**, 102 A.3d 988, 996 (Pa.Super.2014) (**Alleyne** challenge to legality of sentence is "not technically waivable"). On the other hand, this issue is untimely, because Gonzalez raised it for the first time more than one year after his judgment of sentence became final and has not pleaded or proved one of the PCRA's enumerated exceptions. As a result, we lack jurisdiction to review it under the PCRA's statute of limitations, 42 Pa.C.S. § 9545(b).

Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); **accord Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing **Commonwealth v. Robinson**, 837

A.2d 1157, 1161 (Pa.2003)).  A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition.  42 Pa.C.S. § 9545(b)(1); **Monaco**, 996 A.2d at 1079.  The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

With these principles in mind, we observe that Gonzalez's judgment of sentence became final on August 26, 2003, the final day for filing a petition for writ of certiorari in the United States Supreme Court.  Thus, Gonzalez

- 4 -

had until August 26, 2004 to timely file a PCRA petition. Gonzalez did not file his petition until May 30, 2014. Thus, it is untimely on its face.

Nor do any of the exceptions in section 9545(b)(i-iii) apply to this case. Gonzalez suggests in his brief that *Alleyne* applies retroactively under section 9545(b)(iii), because challenges to the illegality of his sentence are never waived. We disagree, based on our analysis of the same issue in *Miller*. *Miller* held that the PCRA court lacked jurisdiction to consider an *Alleyne* argument presented in a second PCRA petition filed five years after the petitioner's judgment of sentence became final, reasoning:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right 'has been held' by 'that court' to apply retroactively. Thus, a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively. The language 'has been held' is in the past tense. These words mean that the action has already occurred, *i.e.,* 'that court' has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> …
>
> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final.

- 5 -

This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa.Super.2011), ***appeal denied***, 615 Pa. 784, 42 A.3d 1059 (2012), *citing* ***Tyler v. Cain***, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); ***see also, e.g., Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa.Super.2007) (stating, 'for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]'), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

…

*We are aware that an issue pertaining to* ***Alleyne*** *goes to the legality of the sentence*. ***See Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa.Super.2014) (*en banc*) (stating, 'a challenge to a sentence premised upon* ***Alleyne*** *likewise implicates the legality of the sentence and cannot be waived on appeal[ ]'). It is generally true that 'this Court is endowed with the ability to consider an issue of illegality of sentence sua sponte.' ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n. 7 (Pa.Super.2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. ***See Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa.Super.2011) (stating, '[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]') (citation omitted). As this Court recently noted, '[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an*

> *untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.'* [***Commonwealth v.***] ***Seskey****,* [86 A.3d 237,] 242 [(Pa.Super.2014)]. *As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven…*

***Miller***, 102 A.3d at 994, 995, 996 (emphasis added; certain citations omitted). ***Miller*** squarely applies to this case. Like the petitioner in ***Miller***, Gonzalez raised ***Alleyne*** more than one year after his judgment of sentence became final. Moreover, even if ***Alleyne*** announced a new constitutional right, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that this right applies retroactively. Thus, although ***Alleyne*** implicates the legality of Gonzalez's sentence, we lack jurisdiction to address this issue. ***Miller***, 102 A.3d at 995, 996.

Gonzalez's ***Alleyne*** argument suffers from an additional jurisdictional defect not present in ***Miller***. Whereas the petitioner in ***Miller*** raised ***Alleyne*** in a PCRA petition within sixty days after ***Alleyne's*** issuance, Gonzalez did not raise ***Alleyne*** until over one year after its issuance. Consequently, his ***Alleyne*** claim is untimely under the sixty-day deadline in section 9545(b)(2) for filing exceptions to the PCRA's one-year time bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2015